UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 13-00630 |
| --- | --- |
| MADELINE ROSA, | Chapter 13 |
| Debtor. | Re: Docket No. 2 |

## MEMORANDUM OF DECISION ON CHAPTER 13 PLAN CONFIRMATION

The chapter 13 plan in this case provides that title to certain real property shall be vested in the first mortgagee. The standing trustee objects. For the following reasons, I conclude that, because the mortgagee did not object, the plan can be confirmed.

According to her schedules, the debtor jointly owns (along with Eduardo Bringas and RBA Holdings LLC) real property in Ewa Beach that is subject to a first mortgage in favor of "City National Bank/Ocwen Loan Service" and a second mortgage in favor of Franklin Credit Management. The property is apparently subject to homeowners' association fees. The debtor has no equity in the property and both mortgages are seriously delinquent. The debtor's modest income is not sufficient to cover the mortgage payments, let alone to cure the delinquencies.

The debtor has wisely decided to get rid of the property. But this is easier

said than done. The mortgagor ordinarily cannot compel the mortgagee to foreclose, and the mortgagor cannot convey the property to the mortgagee or anyone else unless the mortgagee/grantee accepts the conveyance.

This poses a serious problem for chapter 13 debtors who own property that is covered by an owners' association, such as a condominium unit, because "as a matter of law, debtor's personal liability for HOA dues continues postpetition as long as he maintains his legal, equitable or possessory interest in the property and is unaffected by his discharge." Foster v. Double L Ranch Assoc. (In re Foster), 435 B.R. 650 (B.A.P. 9th Cir. 2010). (Foster applied Washington state condominium law, but Hawaii law appears to be the same. Further, under section 523(a)(16), the same result applies where the debtor obtains a discharge in chapter 7 or a "hardship" discharge under section 1328(b).)

Ms. Rosa's plan places the first and second mortgage claims in Class 3, which means that she will "surrender" the property to the secured creditors. This treatment is one of the ways in which a chapter 13 plan can deal with a secured claim. 11 U.S.C. § 1325(a)(5)(C). It does not solve the entire problem, however, because surrender does not transfer ownership of the surrendered property. Rather, "surrender" means only that the debtor will make the collateral available so the secured creditor can, if it chooses to do so, exercise its state law rights in

2

the collateral.  Pratt v. General Motors Acceptance Corp. (In re Pratt), 462 F.3d 14,18-19 (1st Cir. 2006); In re Gollnitz, 456 B.R. 733, 736 (Bankr. W.D.N.Y. 2011) ("Authorization for surrender does not consitute a transfer of title.  Rather, transfer requires both the surrender of an interest and its acceptance.") Therefore, surrender alone does not cut off the debtor's liability for association fees.

Ms. Rosa's plan also includes the following nonstandard provision:

> All collateral surrendered for Class 3 claims is surrendered in full satisfaction of the underlying claim.  Pursuant to §§ 1322(b)(8) and (9), title to the property located at 91-1849 Luahoana Street, Ewa Beach, Hawaii 96707, shall vest in City National Bank/ OCWEN Loan Service upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded at the Bureau of Conveyances.  All secured claims secured by the Debtor's property in Ewa Beach will be paid by surrender of the collateral and foreclosure of the security interests.

The trustee objects to this provision.  The trustee has the duty to appear and be heard at plan confirmation hearings, 11 U.S.C. § 102(b)(2)(B), and he "may object if the plan fails to confirm to all requirements in the Bankruptcy Code," including those that primarily protect secured creditors.  Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1408 (9th Cir. 1995).  I rely upon and appreciate his careful review of all provisions of chapter 13 plans.

The trustee correctly points out that surrender does not transfer ownership of the surrendered property.  The debtor responds that she is not merely

3

U.S. Bankruptcy Court - Hawaii   #13-00630   Dkt # 25   Filed  07/08/13   Page 3 of 8

surrendering the property; she is also proposing that title be vested in the first mortgagee, and that the Bankruptcy Code specifically authorizes such a provision:

> [T]he plan may . . . provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity . . . .

11 U.S.C. § 1322(b)(9). She also points out that the secured creditors have not objected to the plan.

I agree with the debtor. It is true that "surrender" does not transfer title to the property. But Congress spoke of "vesting," not "surrender," in section 1322(b)(9). Under familiar rules of statutory interpretation, courts presume that, when Congress uses different words, it means different things. The plain meaning of "vesting" includes a present transfer of ownership. Thus, section 1322(b)(9) permits inclusion of this nonstandard provision.

The next question is whether the plan can be confirmed with the nonstandard provision. Section 1325(b) states the confirmation requirements applicable to secured claims. The court can confirm a plan only if (1) the secured creditor "accepts" the plan, 11 U.S.C. § 1325(a)(5)(A); (2) the debtor's payments to the creditor comply with certain standards and the creditor retains its lien, id. § 1325(a)(5)(B); or (3) the debtor "surrenders the property securing such claim to such holder," id. § 1325(a)(5)(C). These requirements are stated in the

4

disjunctive, so the plan need only satisfy one of the three tests.

The second permitted treatment – sometimes called "cramdown" – does not apply to this plan. The third standard – surrender – does not fully validate this plan, because the debtor proposes vesting in addition to surrender. Therefore, the plan is confirmable only if the first standard – acceptance – is met.

The Bankruptcy Code does not define "accepts" for purposes of chapter 13. The Ninth Circuit and the overwhelming majority of courts hold that a secured creditor's failure to object to a chapter 13 plan constitutes acceptance. See Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1409 (9th Cir. 1995) ("Here, § 1325(a)(5) is fulfilled because subsection (A) was satisfied when the holders of the secured claims failed to object. In most instances, failure to object translates into acceptance of the plan by the secured creditor."); In re Szostek, 886 F.2d 1405, 1413 (3d Cir. 1989) ("The general rule is that the acceptance of the plan by a secured creditor can be inferred by the absence of a timely objection."); In re James, 260 B.R. 498, 503 (Bankr. D. Idaho 2001) ("The case law makes clear that if the holder of an allowed secured claim provided for by a plan fails to object to confirmation of the plan, Section 1325(a)(5)(A) is satisfied. . . . [N]o objection has been received from the holders of any allowed secured claims, and therefore Section 1325(a)(5)(A) has been satisfied.")

5

It is reasonable to infer acceptance from the lack of an objection only if the creditor has received adequate notice of the plan. The clerk must give notice "by mail" to all creditors and other parties of "the time fixed . . . for filing objections and the hearing to consider confirmation of a . . . chapter 13 plan." Fed. R. Bankr. P. 2002(b). The notice "shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case," or, if the creditor has not filed such a request, to "the address shown on the list of creditors or schedule of liabilities, whichever is filed later." Id. 2002(g).

Sections 342(c)(2) and (f) contain rules about creditors' addresses, but those provisions are inapplicable. Those sections apply "[i]f notice is required to be given by the debtor to a creditor under this title." Section 1324 provides that the confirmation hearing is to be held "after notice," but does not specify who must give notice. No provision of the Bankruptcy Code requires the debtor to give notice of the confirmation hearing; indeed, the applicable rule requires the clerk to give the notice. Therefore, section 342's address rules do not apply.

Similarly, rule 7004 does not apply. In a "contested matter," Fed. R. Bankr. P. 9014 requires service of the motion pursuant to rule 7004. That rule contains additional requirements, including special rules for service on an insured depository institution. The filing of a plan does not, however, initiate a contested

U.S. Bankruptcy Court - Hawaii   #13-00630   Dkt # 25   Filed 07/08/13   Page 6 of 8

matter. Plan confirmation becomes a contested matter only when an objection is filed. 10 Collier on Bankruptcy ¶ 9014.02 (16th rev. ed. 2012). Thus, rule 7004 does not govern service of chapter 13 plans.

In this case, the clerk (using the Bankruptcy Noticing Center) sent the required notice to "City Ntl Bank/Ocwen Loan Service" at the address provided by the debtor. This was correct because the creditor has not filed a request for notice or a proof of claim. Therefore, the named creditor got proper notice of the plan, and its failure to object means that it has accepted the plan.

There may be cases in which the mortgagee would be happy with a proposal like Ms. Rosa's; the vesting provision may avoid the expense and delay of a foreclosure proceeding. In other cases, the mortgagee may have legitimate reasons to object. The property might be a liability rather than an asset if it is, for example, contaminated with hazardous waste or subject to exorbitant association fees. Further, if the property is subject to other liens or co-ownership interests, the mortgagee might have to foreclose even with the vesting provision, and vesting plus the doctrine of merger might extinguish the mortgage.

I would not have been surprised if the first mortgagee had objected to Ms. Rosa's plan. There is a second mortgage and nonbankrupt co-owners, so the vesting provision probably will not obviate a foreclosure. The homeowners

7

U.S. Bankruptcy Court - Hawaii   #13-00630   Dkt # 25   Filed  07/08/13   Page 7 of 8

association will probably take the position that, as owner of the property, the first mortgagee will be liable for the association fees upon confirmation of the plan. But the fact remains that the first mortgagee received adequate notice (as far as the record reveals) and did not object. I will not attempt to read the lender's mind and assume that it dislikes the plan, even though its conduct is to the contrary. (I express no opinion on what might happen if the first mortgagee were to file a motion to set aside the confirmation of the plan because the debtor provided the wrong name or address for the creditor.)

For these reasons, the plan is CONFIRMED. Ms. Rosa's counsel shall submit an appropriate separate order.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 07/08/2013